```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                                  :
WALTER AUTO LOAN TRUST, *et al.*,        :
                                                  :
                            Plaintiffs,        :        1:24-cv-5170-GHW
                                                  :
                    -v-                           :        <u>ORDER</u>
                                                  :
POSH AUTOMOTIVE LLC,              :
                                                  :
                            Defendant.        :
                                                  :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       The case management plan and scheduling order, entered on September 11, 2024, Dkt. No. 36, the Court scheduled a post-discovery status teleconference for March 14, 2025. On February 23, 2025, the Court adjourned the teleconference to June 4, 2025. Dkt. No. 43. At the date and time of the scheduled post-discovery status conference, the Court, the Court's staff, the court reporter, and counsel for Defendant appeared. Counsel for Plaintiff failed to appear. The conference was consequently adjourned.

       The parties filed a joint status letter on June 2, 2025. Dkt. No. 49. The Court understands that discovery closed on May 26, 2025 at the latest. *Id.* Therefore, pursuant to the case management plan and scheduling order, requests for a pre-motion conference for a proposed motion for summary judgment were due on June 2, 2025 at the latest. No such request has been filed. *See* Dkt. No. 49 ("There are no motions currently pending before the Court.").

       A bench trial in this matter will begin on **December 2, 2025 at 9:00 a.m.** Based on the parties' proposed case management plan and scheduling order, the Court expects that the trial will

last two days. The parties are directed to submit a joint pretrial order, memoranda of law,[1] and the other pretrial materials outlined in the Court's Individual Rule 5 no later than September 5, 2025. Opposition papers to any legal argument in a pretrial memorandum must be filed within seven days thereafter, and reply papers must be filed within four days of any opposition. Additionally, no later than September 5, 2025, the parties are directed to submit to the Court affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party should submit a list of all affiants whom he or she intends to cross-examine at the trial. The original affidavits will be marked as exhibits at trial. The parties are directed to the Court's Individual Rule 5(D)(ii) for additional instructions regarding the submission of direct testimony by affidavit.

Any motions *in limine* must also be filed no later than September 5, 2025. As outlined in the Court's Individual Rule 5(B)(i), if any motions *in limine* are filed, opposition papers are due no later than seven days after the date of service of the motion. Reply papers, if any, are due no later than four days after the date of service of the opposition. Courtesy copies of motions *in limine* should be submitted when the motions are fully briefed; courtesy copies of all other trial materials are due when filed. Courtesy copies should be provided in hard copy and USB format.

The Court will hold a final pretrial conference in this case on October 28, 2025 at 10:00 a.m. to discuss the parties' pretrial submissions and, if necessary, to hear oral argument and potentially rule on any motions *in limine*. Both the final pretrial conference and the bench trial will be held in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel

---

[1] While submission of pretrial memoranda of law is optional under this Court's Individual Rule 5, in this case, the parties are specifically ordered to submit pretrial memoranda of law.

Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007.

If the parties have any questions about the required submissions, the parties should write to the Court and request a conference to discuss these instructions further. Implicit in these deadlines is the expectation that the parties will do the substantial amount of work required to prepare for trial in this matter.

SO ORDERED.

Dated: June 4, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge